# In the United States Court of Federal Claims

Nos. 17-1189L, 17-1191L, 17-1194L, 17-1195L, 17-1206L, 17-1215L, 17-1216L
17-1232L, 17-1235L, 17-1277L, 17-1303L, 17-1300L, 17-1332L, 17-1390L,
17-1374L, 17-1391L, 17-1393L, 17-1394L, 17-1395L, 17-1396L, 17-1397L,
17-1398L, 17-1399L, 17-1408L, 17-1409L, 17-1423L, 17-1427L, 17-1428L,
17-1430L, 17-1433L, 17-1434L, 17-1435L, 17-1436L, 17-1437L, 17-1438L,
17-1439L, 17-1450L, 17-1451L, 17-1453L, 17-1454L, 17-1456L, 17-1457L,
17-1458L, 17-1459L, 17-1460L, 17-1461L
Filed: October 11, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Y AND J PROPERTIES, LTD.,                          *
*individually and on behalf of all other*            *
*persons similarly situated*,                          *
    Plaintiffs,                                      *
                                                           *
BRYANT BANES, NEVA BANES,                    *
CARLTON JONES, AND NB RESEARCH,       *
INC., *on behalf of themselves and others*       *
*similarly situated*,                                     *
    Plaintiffs,                                      *
                                                           *
MATTHEW SALO AND GABRIELA SALO,*
*on behalf of themselves and all other similarly* *
*situated persons and entities*,                      *
    Plaintiffs,                                      *
                                                           *
ANGELA BOUZERAND, WAYNE               *
PESEK, AMY PESEK, AND FRED PAUL       *
FRENGER, *individually and on behalf of all* *
*other similarly situated*,                             *
    Plaintiffs,                                      *
                                                           *
VAL ANTHONY ALDRED, HAGAN             *
HAMILTON HEILIGBRODT, WILLIAM        *
LANGE KRELL, JR., BEVERLY FECEL        *
KRELL, AND SHAWN S. WELLING,          *
*appearing individually and on behalf of*          *
*all persons similarly situated*,                       *
    Plaintiffs,                                      *
                                                           *
KENNETH LEE SMITH AND                     *
CONSTANCE SMITH,                                *
    Plaintiffs,                                      *

GARNER TIP STRICKLAND, IV AND          *
MEGAN K. STRICKLAND,                   *
     Plaintiffs,                    *
                                       *
BONNIE CLARK GOMEZ AND                 *
JORGE L. GOMEZ,                        *
     Plaintiffs,                    *
                                       *
VIRGINIA MILTON AND ARNOLD             *
MILTON, *on behalf of themselves and all*  *
*other similarly situated persons*,      *
     Plaintiffs,                    *
                                       *
CHRISTINA MICU, *and all others*         *
*similarly situated*,                    *
     Plaintiffs,                    *
                                       *
ANTHONY ARRIAGA, *et al.*,               *
     Plaintiffs,                    *
                                       *
WAYNE HOLLIS, JR. AND PEGGY            *
HOLLIS, *individually and on behalf of all*  *
*other similarly situated*,              *
     Plaintiffs,                    *
                                       *
BASIM MOUSILLI,                        *
     Plaintiff,                     *
                                       *
HENRY DE LA GARZA AND RANDY            *
DE LA GARZA,                           *
     Plaintiffs,                    *
                                       *
SANDRA JACOBSON, *et al.*,               *
     Plaintiffs,                    *
                                       *
MARTHA POLLOCK,                        *
     Plaintiff,                     *
                                       *
MARY KHOURY,                           *
     Plaintiff,                     *
                                       *
AGL, LLC AND JONATHAN LEVY,            *
     Plaintiffs,                    *

2

LUDWIGSEN FAMILY LIVING TRUST            *
AND CHARLES LUDWIGSEN,                    *
      Plaintiffs,                           *
                                          *
GERARDO REYES,                            *
      Plaintiff,                            *
                                          *
VANESSA VANCE,                            *
      Plaintiff,                            *
                                          *
LISA ERWIN,                               *
      Plaintiff,                            *
                                          *
MARYAM JAFARNIA,                          *
      Plaintiff,                            *
                                          *
EMILIANO BRUZOS, *et al.*,                *
      Plaintiffs,                           *
                                          *
EDGAR ABLAN, *et al.*,                    *
      Plaintiffs,                           *
                                          *
DELFINA GOVIA,                            *
      Plaintiff,                            *
                                          *
BURTON AND TOSHIKO HERING,                *
      Plaintiffs,                           *
                                          *
FAITH LEWIS,                              *
      Plaintiff,                            *
                                          *
ADRIENNE AND JEREMY MURRAY,               *
      Plaintiffs,                           *
                                          *
JARRET VENGHAUS,                          *
      Plaintiff,                            *
                                          *
JACK RUSSO,                               *
      Plaintiff,                            *
                                          *
JOSEPH NEAL,                              *
      Plaintiff,                            *

3

IGOR EFFIMOFF,                                    *
        Plaintiff,                               *
                                                 *
ANIL THAKER,                                      *
        Plaintiff,                               *
                                                 *
JANE GILLIS,                                      *
        Plaintiff,                               *
                                                 *
WILLIAM E. AND LAURA A. WOLF,                     *
        Plaintiffs,                              *
                                                 *
MEMORIAL SMC INVESTMENT 2013 LP,                  *
        Plaintiff,                               *
                                                 *
CEBALLOS, *et al.*,                               *
        Plaintiffs,                              *
                                                 *
DRONE*, et al.*,                                  *
        Plaintiffs,                              *
                                                 *
WILLIAMSON, *et al.*,                             *
        Plaintiffs,                              *
                                                 *
MEADOWS ON MEMORIAL OWNERS                        *
ASSOCIATION, INC., *et al.*,                      *
        Plaintiffs,                              *
                                                 *
BE MEMORIAL REALTY LTD.,                          *
        Plaintiff,                               *
                                                 *
CUTLER, *et al.*,                                 *
        Plaintiffs,                              *
                                                 *
CHERYL L. HANKINSON,                              *
        Plaintiff,                               *
                                                 *
TITA, *et al.*,                                   *
        Plaintiffs,                              *
                                                 *
v.                                                *
                                                 *
THE UNITED STATES,                                *
        Defendant.                               *
                                                 *
****************************************

4

**Michael D. Sydow**, The Sydow Firm, Houston, Texas, Counsel for Plaintiff.

**Bryant Steven Banes**, Neel, Hooper & Banes, PC, Houston, Texas, Counsel for Plaintiffs.

**Jay Edelson**, Edelson PC, Chicago, Illinois, Counsel for Plaintiffs.

**Thomas M. Fulkerson**, Fulkerson Lotz LLP, Houston, Texas, Counsel for Plaintiffs.

**Douglas Robert Salisbury**, Potts Law Firm, LLP, Houston, Texas, Counsel for Plaintiffs.

**Christopher Stephen Johns**, Johns, Marrs, Ellis & Hodge LLP, Austin, Texas and Houston, Texas, Counsel for Plaintiffs.

**Eric Reed Nowak**, Harrell & Nowak, New Orleans, Louisiana, Counsel for Plaintiffs.

**Rand P. Nolen**, Fleming, Nolen & Jez, L.L.P., Houston, Texas, Counsel for Plaintiffs.

**Charles W. Irvine**, Irvine & Conner, LLC, Houston, Texas, Counsel for Plaintiffs.

**Timothy Micah Dortch**, Cooper & Scully, PC, Dallas, Texas, Counsel for Plaintiffs.

**Clayton A. Clark**, Clark, Love & Hutson, G.P., Houston, Texas, Counsel for Plaintiffs.

**Howard L. Nations**, Nations Law Firm, Houston, Texas, Counsel for Plaintiff.

**David Charles Frederick**, Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., Washington, D.C., Counsel for Plaintiffs.

**Erwin Armistead Easterby**, Williams, Kherkher, Hart, Boundas, LLP, Houston, Texas, Counsel for Plaintiffs.

**Kurt B. Arnold**, Arnold & Itkin, LLP, Houston, Texas, Counsel for Plaintiff.

**Noah Michael Wexler**, Arnold & Itkin, LLP, Houston, Texas, Counsel for Plaintiffs.

**Vuk Vujasinovic**, VB Attorneys, Houston, Texas, Counsel for Plaintiffs.

**Allen Craig Eiland**, The Law Offices of A. Craig Eiland, P.C., Galveston, Texas, Counsel for Plaintiff.

**Edward Blizzard**, Blizzard & Nabers, LLP, Houston, Texas, Counsel for Plaintiff.

**Rene Michelle Sigman**, Merlin Law Group, Houston, Texas, Counsel for Plaintiffs.

**Luke Joseph Ellis**, Johns, Marrs, Ellis & Hodge LLP, Houston, Texas, Counsel for Plaintiffs.

**Phillip Bruce Dye, Jr.**, Vinson & Elkins, Houston, Texas, Counsel for Plaintiff.

**Michael C. Falick**, Rothfelder & Falick, L.L.P., Houston, Texas, Counsel for Plaintiffs.

**William Fred Hagans**, Hagans, Burdine, Montgomery & Rustay, P.C., Houston, Texas, Counsel for Plaintiffs.

**Jeffrey L. Raizner**, Raizner Slania LLP, Houston, Texas, Counsel for Plaintiffs.

**Derek Heath Potts**, Potts Law Firm, LLP, Houston, Texas, Counsel for Plaintiffs.

**Jacqueline Camille Brown**, United States Department of Justice, Environmental and Natural Resources Division, Washington, D.C., Counsel for the Government.

## ORDER REGARDING CLASS CERTIFICATION

Between September 5, 2017 and October 5, 2017, forty-six complaints were filed in the United States Court of Federal Claims alleging Takings Clause claims in violation of the Fifth Amendment to the United States Constitution. Ten of those forty-six complaints are putative class action lawsuits. *See Y And J Properties, LTD v. United States*, No. 17-1189; *Banes, et al., v. United States*, No. 17-1191; *Salo, et al. v. United States*, No. 17-1194; *Bouzerand, et al. v. United States*, No. 17-1195; *Aldred, et al. v. United States*, No. 17-1206; *Milton, et al. v. United States*, No. 17-1235; *Micu, et al. v. United States*, No. 17-1277; *Hollis, Jr., et al. v. United States*, No. 17-1300; *Cutler, et al. v. United States*, No. 17-1459; *Tita, et al. v. United States*, No. 17-1461. The remaining complaints were filed either by individuals or groups of individuals.

Under the Rules of the United States Court of Federal Claims ("RCFC"), putative class members must establish both the "prerequisite" elements of RCFC 23(a) and the "maintainable" elements of RCFC 23(b). RCFC 23(a) provides that one or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

If the "prerequisites" of RCFC 23(a) are met, the putative members of the class also must establish under RCFC 23(b) that: (1) the United States has acted or refused to act on grounds generally applicable to the class; (2) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members; and (3) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. RCFC 23(b) states that the matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by class members; and (C) the likely difficulties in managing a class action.

The elements of RCFC 23(a) and (b) can be grouped into five categories: (i) numerosity— a class so large that joinder is impracticable; (ii) commonality—in terms of the presence of common questions of law or fact, the predominance of those questions, and the treatment received by the class members at the hands of the United States; (iii) typicality—that the named parties' claims are typical of the class; (iv) adequacy—relating to fair representation; and (v) superiority— that a class action is the fairest and most efficient way to resolve a given set of controversies. *See*

*Barnes v. United States*, 68 Fed. Cl. 492, 494 (Fed. Cl. 2005) (citing *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir. 2000) ("Rule 23(a) provides that a class may be certified if the following requirements are met: (1) numerosity . . .; (2) commonality . . .; (3) typicality . . .; and (4) adequacy[.]")). Each of these elements must be met for class certification. *See Testwuide v. United States,* 56 Fed. Cl. 755, 761 (2003) ("failure to satisfy one of the . . . requirements is fatal to a motion for class certification"); *see also Gen. Tele. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161 (making this observation as to Fed. R. Civ. P. 23).

The commonality element must be outcome determinative. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011) (the commonality element of Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that: "the common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). The commonality element does not require the representative Plaintiffs' claims to be identical to those of the putative class members. *See Barnes*, 68 Fed. Cl. at 496 (A finding of commonality does not require that the claims be identical; "[r]ather, to meet RCFC 23(a)(2), the questions underlying the claims of the class merely must share essential characteristics, so that their resolution will advance the overall case."). In addition, anecdotal evidence of the general conditions of the class is not sufficient to establish the commonality element. *Id.* at 354–55 (holding that anecdotal evidence was neither sufficient nor reliable to establish that appellant "operated under a *general policy* of discrimination," since no evidence was introduced demonstrating that all the company managers conducted themselves in a common manner such that each class member suffered a common injury) (emphasis added).

The key to the typicality element is whether all class members are challenging the same conduct and relying on the same legal theories. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 311 (3d Cir. 1998) ("Commentators have noted that cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality element irrespective of the varying fact patterns underlying the individual claims.") (internal quotation marks and citations omitted). Like the commonality element, "the typicality [element] does not require the representative Plaintiffs' claims to be identical to those of the putative class members." *See Barnes*, 68 Fed. Cl. at 498.

The adequacy element requires class counsel to be "qualified, experienced[,] and generally able to conduct the litigation." *See Barnes*, 68 Fed. Cl. at 499 (quoting *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992) (internal quotation marks omitted). In addition, "the class members must not have interests that are 'antagonistic' to one another." *Id.* (quoting *In re Drexel*, 960 F.2d at 291) (internal quotation marks omitted).

The superiority element is met where "a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23 advisory committee's note (1966 amendment, subdivision (b)(3)); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (The basic objective of Rule 23 is the "economies of time, effort, and expense.").

Therefore, on or before 5:00 PM (EST) on Thursday, November 9, 2017, all Plaintiffs seeking class certification should file a Motion For Certification with the court evidencing that they have met the required elements of both RCFC 23(a) and (b) for class certification.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**