# In the United States Court of Federal Claims

Nos. 17-1189L, 17-1191L, 17-1194L, 17-1195L, 17-1206L, 17-1215L, 17-1216L
17-1232L, 17-1235L, 17-1277L, 17-1303L, 17-1300L, 17-1332L, 17-1390L,
17-1374L, 17-1391L, 17-1393L, 17-1394L, 17-1395L, 17-1396L, 17-1397L,
17-1398L, 17-1399L, 17-1408L, 17-1409L, 17-1423L, 17-1427L, 17-1428L,
17-1430L, 17-1433L, 17-1434L, 17-1435L, 17-1436L, 17-1437L, 17-1438L,
17-1439L, 17-1450L, 17-1451L, 17-1453L, 17-1454L, 17-1456L, 17-1457L,
17-1458L, 17-1459L, 17-1460L, 17-1461L

Filed: October 12, 2017

```
*****************************************
                                        *
Y AND J PROPERTIES, LTD.,               *
individually and on behalf of all other *
persons similarly situated,             *
        Plaintiffs,                     *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
        Defendant.                      *
                                        *
*****************************************
```

## ORDER

Between October 2, 2017 and October 5, 2017, Plaintiffs in thirteen cases filed Responses to the court's September 15, 2017 Scheduling Order.[1] The Responses filed in *Micu* (the "*Micu* Response") and *Jacobson* (the "*Jacobson* Response") suggested that the complaints fall into two distinct categories: "upstream" complaints and "downstream" complaints. *Micu* Response at 1; *Jacobson* Response at 1. Upstream complaints focus on water that accumulated within the design pools of the Addicks and Barker Reservoirs. *Micu* Response at 2; *Jacobson* Response at 2. Downstream complaints focus on the release of water from the Addicks and Barker Reservoirs. *Micu* Response at 3; *Jacobson* Response at 2–3.

On October 6, 2017, the court convened a status conference in the above-captioned cases at the United States District Court for the Southern District of Texas. During that conference, the court heard opposing views on whether the complaints should be classified as either upstream or

---

[1] *See Y And J Properties, LTD v. United States*, No. 17-1189; *Banes, et al. v. United States*, No. 17-1191; *Bouzerand, et al. v. United States*, No. 17-1195; *Aldred, et al. v. United States*, No. 17-1206; *Milton, et al. v. United States*, No. 17-1235; *Micu, et al. v. United States*, No. 17-1277; *Hollis, Jr., et al. v. United States*, No. 17-1300; *Mousilli v. United States*, No. 17-1332; *Jacobson, et al. v. United States*, No. 17-1374; *De La Garza, et al. v. United States*, No. 17-1390; *Govia v. United States*, No. 17-1423; *Hering, et al. v. United States*, No. 17-1427; *Murray, et al. v. United States*, No. 17-1430.

...
...

downstream from Mr. Edwin Armistead Easterby, counsel-of-record in *Jacobson*, and Mr. David Harrington, counsel for the Government.

At this juncture, the court would appreciate if the parties would inform the court of their respective positions on whether their complaint should be classified as either "upstream" or "downstream" on or by Friday, October 20, 2017.

**IT IS SO ORDERED.**

s/ Susan G. Braden  
**SUSAN G. BRADEN**  
**Chief Judge**